## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 16-20758-CIV-LENARD/GOODMAN

AGING BACKWARDS, LLC,
a Florida Limited Liability Company,

      Plaintiff,

v.

MIRANDA ESMONDE-WHITE,
Individually, and 6228755 CANADA, INC.,
a Quebec corporation,

      Defendants.

_____/

### ORDER REQUIRING PARTIES TO SUBMIT CONFIDENTIALITY AND/OR PROTECTIVE ORDER WITH AN "ATTORNEYS' EYES ONLY" PROVISION TO UNDERSIGNED

Courts in this district frequently enter protective orders concerning confidentiality of materials obtained in discovery. Those orders are usually agreed to and they often contain an "Attorneys' Eyes Only" type of heightened, or second-tier, confidentiality. Invoking the iconic lyrics of the Beatles' "Strawberry Fields Forever" song (i.e., "Living is easy with eyes closed / Misunderstanding all you see"),[1] Plaintiff in this reverse confusion type of trademark infringement action contends that an "Attorneys' Eyes Only" provision impairs the attorney client relationship, impinges

_____

[1]    BEATLES, *Strawberry Fields Forever*, on MAGICAL MYSTERY TOUR (Capitol Records 1967).

upon an attorney's ethical duties and constitutes an unnecessary level of secrecy under the specific facts of this case. For the reasons outlined below, the Undersigned rejects that challenge and directs the parties to submit a Confidentiality and/or Protective Order **with** an "Attorneys' Eyes Only" provision.

The discovery dispute over the provisions of the requested protective order came to the Court's attention on August 26, 2016, when the Undersigned held a discovery hearing.  [ECF Nos. 50; 51]. On August 29, 2016, the Undersigned entered a Post-Hearing Discovery Order that requested supplemental briefing from the parties. [ECF No. 53].

Specifically, the parties were asked to submit memoranda of law regarding "(1) whether an 'Attorneys' Eyes Only' provision in a Confidentiality and/or Protective Order inappropriately interferes with attorney client relationships and whether its inclusion in such agreements generates a risk that lawyers will violate rules of ethics or professional responsibility; and (2) whether, under the facts of this case, an 'Attorneys' Eyes Only' provision is required in a Confidentiality and/or Protective Order." [ECF No. 53].

After hearing oral argument and after reviewing the memoranda, the Undersigned **concludes** as follows: (1) "Attorneys' Eyes Only" provisions do not inappropriately interfere with attorney client relationships; (2) "Attorneys' Eyes Only" provisions do not violate the Rules Regulating the Florida Bar; and (3) for this case, an

"Attorneys' Eyes Only" provision is required in the parties' Confidentiality and/or Protective Order.

## I.    Background

Plaintiff, Aging Backwards, LLC, brought a trademark infringement case against Defendants, Miranda Esmonde-White and 6228755 Canada, Inc., for unlawfully using Plaintiff's "AGING BACKWARDS" mark. [ECF Nos. 1; 1-1, ¶ 1]. Defendant 6228755 Canada, Inc. has filed counterclaims, which include a count for declaratory relief and a count seeking cancellation of Plaintiff's trademark. [ECF No. 6, pp. 5-6]. Plaintiff operates a website ("Agingbackwards.com") that provides advice on beauty and health. [ECF No. 1-1, ¶ 6].  Defendants have performed and presented on an exercise television show titled "AGING BACKWARDS" and authored a book series on exercise with the same title. [ECF Nos. 1-1, ¶ 13; 6, ¶ 13].

The parties disagree about whether they should enter into a one-tier or two-tier protective order. Under a one-tier protective order, both the lawyers and clients are able to view all materials. A second tier protective order, or an "Attorneys' Eyes Only" protective order, permits only the attorneys to view the specially designated confidential material. The clients are permitted to view the "confidential," first-tier type of material in a two-tier order, however.

## II.     An "Attorneys' Eyes Only" Provision in a Confidentiality and/or Protective Order Neither Interferes with Attorney Client Relationships Nor Violates the Florida Rules of Professional Conduct

Plaintiff's counsel claims that an "Attorneys' Eyes Only" provision in a protective order in this case would intrude on his free and open communication with his client. [ECF No. 2, p. 2]. Specifically, he claims that not being able to show his client all materials in this case would violate the Rules of Professional Conduct of the Rules Regulating the Florida Bar, Rule 4-1.2 (stating that "A lawyer shall abide by a client's decision to settle a matter") and Rule 4-1.4 (pertaining to an attorney's duty to keep a client reasonably informed about the case and assist the client in making informed decisions about the attorney's representation).[2]

Defendants'[3] counsel disagrees and claims that the ethical rules make clear, in the comments to Rule 4-1.4 and in the text of Rule 4-3.4, that an attorney's disclosure to his client is clearly limited to his or her duty to comply with court orders as to discovery. The Undersigned agrees with Defendants. Rule 4-1.4 is specifically

---

[2]     In effect, Plaintiff contends that it must have the ability to know all information provided to counsel to decide how best to proceed in the case, including decisions about whether a particular settlement proposal might be in its best interest. This position is not too dissimilar from the sentiment expressed in the 1996 pop hit "Wannabe," by Spice Girls, which contains the following up-tempo, catchy lyric: "So tell me what you want, what you really really want." SPICE GIRLS, *Wannabe*, on SPICE (Virgin Records 1996).

[3]     The answer, affirmative defenses and counterclaim were filed on behalf of only one Defendant (i.e., 6228755 Canada, Inc.) but both Defendants (i.e., including Miranda Esmonde-White) submitted the memorandum.

constructed to recognize that the obligation of an attorney's disclosure to his or her client is not absolute and is only necessary when such disclosure is **<u>reasonable</u>**:

(a) **Informing Client of Status of Representation.** A lawyer shall:

> (1)  promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in terminology, is required by these rules;

> (2)  **reasonably** consult with the client about the means by which the client's objectives are to be accomplished;

> (3)  keep the client **reasonably** informed about the status of the matter;

> (4)  promptly comply with **reasonable** requests for information; and

> (5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows or *reasonably* should know that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

(b) **Duty to Explain Matters to Client.** A lawyer shall explain a matter to the extent *reasonably* necessary to permit the client to make informed decisions regarding the representation.

R. Regulating Fla. Bar 4-1.4 (2016) (emphasis added).

In the comments to this Rule, the Florida Bar specifically recognized that a court order that compels withholding information from a client, such as a Confidentiality and/or Protective Order with an "Attorney's Eyes Only" provision, is acceptable under Rule 4-1.4. ("Rules or court orders governing litigation may provide that information supplied to a lawyer may not be disclosed to the client. Specifically, Rule 4-3.4(c) directs compliance with such rules or orders."). *Id.*

5

As stated in Rule 4-1.4's comments, Rule 4-3.4(c) states that a lawyer must not "knowingly disobey an obligation under the rules of a tribunal [.]" Thus, the Florida Rules of Professional Conduct unequivocally indicate that following a court order limiting disclosures to clients -- such as an "Attorneys' Eyes Only" provision in a Confidentiality and/or Protective Order -- is not only ethical for attorneys, it is *required.*

As a result, the Undersigned finds that attorneys are not prevented from reasonably informing clients about the status of a case or providing clients enough information to make a determination regarding settlement if a second tier protective order is in place. In fact, the Undersigned has entered many "Attorneys' Eyes Only" Confidentiality and/or Protective Orders, without prejudicing the attorneys and clients or interfering with a case's trajectory. Significantly, Plaintiff has not called attention to any on-point case law on second-tier agreements which hold that these agreements violate the Florida Rules of Professional Conduct, presumably because it is clear that these agreements are widely accepted in Florida and in this district.

Although the parties have not cited any in-circuit or in-district cases addressing challenges to "Attorneys' Eyes Only" provisions, courts in other jurisdictions have confronted the arguments raised here by Plaintiff -- and have rejected them.

In *Powell Mountain Energy, LLC v. Manalapan Land Co., Ltd.*, Case No. 09-305JBC, 2011 WL 3880512, at *3 (E.D. Ky. Aug. 31, 2011), the Kentucky ethics rules included similar "reasonable" language.  The court specifically addressed the propriety

of not disclosing to a client, discovery documents marked as "Confidential-Attorneys'

Eyes Only:"

> The labeling of the Lease as "Confidential–Attorneys' Eyes Only," thus prohibiting disclosure to Bennett, does not violate Kentucky Supreme Court Rule 3.130(4.1)(b) or public policy.  Supreme Court Rule 3.130(4.1)(b) states that a lawyer shall "explain a matter **to the extent reasonably necessary** to permit the client to make informed decisions...." However, "[r]ules or court orders governing litigation may provide that information supplied to a lawyer may not be disclosed to the client." Supreme Court Commentary for Rule 3.130(4.1), Comment 7. Further, Supreme Court Rule 3.130(3.4)(c) prohibits a lawyer from "knowingly disobeying an obligation," such as those created under the Agreed Protective Order. If Malapan's counsel believed that the Order prevented her client from making informed decisions, she had an obligation to seek leave of the court to disclose the sensitive material rather than unilaterally violating the Order.

*Id.* at *3 (emphasis added).

Likewise, in *State v. Soto*, 277 Wis. 2d 589, 2004 WL 2339359, at *5 (Wis. Ct.

App. Oct. 19, 2004), a client accused his lawyer of violating the Wisconsin rules of

ethics by agreeing to an attorneys' eyes only provision in a confidentiality

agreement.  The court rejected the client's position and in support quoted a note to

the rule identical to the one in Florida: "Although the rule does require a lawyer to

keep a client reasonably informed and promptly comply with reasonable requests for

information, the rule also acknowledges: '[r]ules or court orders governing litigation

may provide that information supplied to a lawyer may not be disclosed to the client.'"

*Id.* (citing to Comment to Wisc. Sup. Ct. R. 20:1.4).

Moreover, from a practical standpoint, if I were to decide that "Attorneys' Eyes Only" provisions in Confidentiality and/or Protective Orders were impermissible, then a cumbersome process would ensue each time the parties disagreed about the disclosure of documents. In this case, as indicated by the parties' memoranda, many disputes could arise.

In the absence of a two-tier agreement, for each dispute over confidential documents, the parties would need to seek leave of court (by following my Discovery Procedures Order) to coordinate dates to schedule a discovery hearing and check with Chambers to see if any dates were available on the Undersigned's discovery hearing calendar, they would have to file a notice of hearing to schedule a discovery hearing, they would have to send the Undersigned the source documents, they would have to attend a discovery hearing, and they might have to submit the documents to the Undersigned for an *in-camera* inspection.

This is not only a drain on the Undersigned's time and resources, but it would also require a significant amount of the attorneys' time and resources. This could certainly amount to thousands of dollars of unnecessary billing.

For the aforementioned reasons, the Undersigned finds that "Attorneys' Eyes Only" provisions in Confidentiality and/or Protective Orders are efficient and do not run afoul to the ethical rules governing attorneys.

### III.    The Facts of this Case Necessitate the Inclusion of an "Attorneys' Eyes Only" Provision in the Parties' Confidentiality and/or Protective Order

Plaintiff claims Federal Rule of Civil Procedure 26(c) requires Defendant to prove that there is good cause for the Undersigned to enter a protective order that limits the disclosure, use, and dissemination of the parties' confidential information. [ECF No. 54, p. 6]. Specifically, Plaintiff claims that since no scientific or technological information is at issue here, there is no good cause present for the Undersigned to require a second-tier protective order. [ECF No. 54, p. 7]. Plaintiff claims that the facts of this case necessitate only a first-tier protective order (i.e., one without an "Attorneys' Eyes Only" provision) because the discovery in this case pertains to proof of damages, such as information about Defendants' profits, and Plaintiff needs that information to make decisions as to litigation strategy. [ECF No. 54, p. 7].

This Court disagrees that Plaintiff needs to see **every** document in this case to make informed decisions. Plaintiff's counsel can easily supply Plaintiff with damage figures, provide Plaintiff a general description of the backup of those documents, and reasonably instruct Plaintiff on a reasonable number to seek as damages in this case.

Furthermore, there *is* good cause for this Court to order an "Attorneys' Eyes Only" provision in this case.  As Defendants have stated, this case is a dispute between a beauty blog Plaintiff and exercise maven Defendants. The exercise maven Defendants fear -- if all discovery is turned over to Plaintiff, including trade secrets -- that Plaintiff will use Defendants' materials to break into the exercise industry.

9

The Undersigned finds that Defendants' concern is reasonable and legitimate. Therefore, the Court **ORDERS** that by Thursday, September 29, 2016, the parties shall submit to the Undersigned's e-file inbox (goodman@flsd.uscourts.gov) an agreed and proposed Confidentiality and/or Protective Order in Microsoft Word form that includes an "Attorneys' Eyes Only" provision.

  **DONE AND ORDERED**, in Chambers, in Miami, Florida, on September 26, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Joan A. Lenard
All counsel of record